UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

  -vs-                                                                     Case No. 1:21-cr-01713-DHU

**RAMON CHAVEZ,**

        **Defendant.**

### ORDER DENYING MOTION TO RECONSIDER ORDER OF DETENTION

**THIS MATTER** is before the Court on defendant Ramon Chavez's Motion to Reconsider Order of Detention and Set Conditions of Release, filed on December 27, 2022. Doc. 42. The United States opposes Mr. Chavez's motion. *Id.* at 2, ¶ 14; Doc. 47.[1] For the following reasons, the Court DENIES the motion.

### Background

On November 17, 2021, a federal grand jury returned an indictment against Mr. Chavez. *See* Doc. 4. The indictment accused Mr. Chavez of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. *Id.* About two months later, Mr. Chavez was arrested. *See* Docket Entry dated January 14, 2022. On January 20, 2022, the Court held a detention hearing. Doc. 18. Mr. Chavez waived his right to contest his detention at the hearing, but stated that he understood he could "ask the Court to reopen my detention hearing at any time before trial if information exists that is not known to me today and that has a material bearing on

---

[1] The United States did not file a response to the motion until the Court set a hearing on it. Although the Court will consider the government's late-filed response, it reminds the United States that "[a] response must be served within fourteen (14) days after service of the motion." D.N.M.LR-CR 47.8(a). Filing a response late without obtaining an extension of time runs the risk of the Court refusing to consider it.

whether there are conditions of release that will reasonably assure my appearance as required and the safety of any other person and the community." Doc. 17.  Accordingly, the Court entered an Order of Detention Pending Trial, finding by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure the defendant's appearance as required. [2]  Doc. 21 at 2.  The Court based its decision on Mr. Chavez's prior criminal history, his history of alcohol or substance abuse, his prior failures to appear in court as ordered, and his prior violations of probation, parole, or supervised release.  *Id.* at 2–3.  The Court noted that its findings were based only on the pretrial services report.  *Id.* at 3.

On March 31, 2022, Mr. Chavez filed a Motion to Suppress Statements and Physical Evidence, Doc. 26, which the government opposed, Doc. 27.  Judge Urias held a hearing on Mr. Chavez's motion on June 29, 2022, Doc. 34, and granted Mr. Chavez's motion on December 1, 2022, Doc. 39.  On December 27, 2022, Mr. Chavez filed this motion, asking to be released to the halfway house.  Doc. 42 at 2.  He asks the Court to reconsider its detention order because "[a]lthough Mr. Chavez has a criminal history, Mr. Chavez can safely be supervised in the community and [ ] he is not a flight risk considering that presently, there is no evidence against Mr. Chavez."  *Id.* at 2, ¶ 13.

## Analysis

First, Mr. Chavez has not given the Court a reason to reconsider its original detention order.  A Court may grant a motion to reconsider only if it has misapprehended the facts or law,

---

[2] Mr. Chavez twice states that "[a]t the time of the detention hearing, there was a rebuttable presumption that, under 18 U.S.C. § 3142(e)(3), no conditions or combination of conditions will reasonably assure the appearance of Mr. Chavez."  Doc. 42 at 1–2; Doc. 50 at 1–2.  This is not accurate.  Mr. Chavez has not been charged with an offense that triggers the rebuttable presumption, *see* 18 U.S.C. § 3142(e)(3), nor did the Court note that the rebuttable presumption applied in its detention order, *see* Doc. 21 at 2.  The rebuttable presumption did not and does not play a role in the Court's analysis.

a party's position, or to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them. *United States v. Randall*, 666 F.3d 1238, 1241–42 (10th Cir. 2011). Mr. Chavez has made no argument that the Court misapprehended anything at the original detention hearing, or that the Court clearly erred in detaining Mr. Chavez, or that release is required to prevent manifest injustice. *See* Doc. 42.

Second, although a judicial officer may reopen a detention hearing, she may do so only if she "finds that information exists that was not known to the movant [Mr. Chavez] at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). Here, there is no question that the suppression of the evidence is relevant to whether Mr. Chavez is a flight risk or a danger to the community. *See* 18 U.S.C. § 3142(g)(2) (weight of the evidence is a factor the court should consider). Therefore, the Court held a hearing on Mr. Chavez's motion. *See* Doc. 52. But as the government argued in its response, *see* Doc. 47, the Court still must consider all the relevant factors in determining whether Mr. Chavez should be detained, including the fact that Mr. Chavez—a felon who had been convicted of several federal drug trafficking crimes—had a loaded gun in his front pocket on October 3, 2021.

As the United States points out, the case of *United States v. Cos*, 198 F. App'x 727 (10th Cir. 2006) (unpublished) is instructive. In that case, like this case, the defendant was charged with being a felon in possession of firearm. *Id.* at 728–29. The government moved for defendant's detention pending trial based on both risk of flight and dangerousness, and a

3

magistrate judge ordered his detention. *Id.* at 729. As in this case, the defendant moved to suppress the evidence the officers obtained when they entered and searched the defendant's apartment, which included the handgun that was the subject of the indictment. *Id.* The district court granted the motion to suppress, and the defendant moved for reconsideration of the order detaining him. *Id.* And as is the case here, the government appealed the district court's suppression order to the Tenth Circuit. *Id.* Meanwhile, the district court denied the defendant's request for release pending appeal. *Id.*

Mr. Chavez's main argument in support of his motion is that there no longer is any evidence against him. *See* Doc. 42 at 2, ¶ 13. In *Cos*, the Tenth Circuit held that it was appropriate for the district court to downplay the significance of its suppression order in determining whether the defendant should be detained pending appeal. 198 F. App'x at 730. The Court noted that at a detention hearing, "the district court is permitted to consider the evidence sought to be suppressed as if it were admissible." *Id.* As was true in *Cos*, the gun that is the subject of the indictment in this case still is available as possible evidence at trial; the only question is whether it will be admitted. *See id.* Consequently, although the Court recognizes that Judge Urias suppressed the gun, the government has appealed that ruling, and whether the gun is admissible at trial still is unknown. However, the gun's admissibility does not change the fact that Mr. Chavez had a loaded gun in his front pocket when he was arrested by local law enforcement officials on October 3, 2021. This factor weighs against Mr. Chavez's release.

At the hearing on Mr. Chavez's motion, Mr. Chavez argued that because the circumstances leading to Mr. Chavez's arrest in this case were less concerning than the circumstances that led to the defendant's in *Cos*, Mr. Chavez should be released. This, however, is only part of one factor that the Court must consider. Looking at all the factors the Court must

consider under 18 U.S.C. § 3142(g), the Court finds that Mr. Chavez is both a flight risk and a danger to the community.

As for the nature and circumstances of the offense charged, it is undisputed that Mr. Chavez had a loaded firearm in his front pocket when he was arrested, despite his status as a felon. With regard to the weight of the evidence against Mr. Chavez, the Court did not consider this factor in originally deciding to detain Mr. Chavez, *see* Doc. 21 at 2, but it notes that if the government is successful in its appeal, the weight of the evidence against Mr. Chavez appears to be quite strong. There is little doubt that Mr. Chavez knew he had a loaded gun in his front pocket and that he had been convicted of a felony, given that he had served ten years in prison on his most recent conviction.

Regarding Mr. Chavez's history and characteristics, Mr. Chavez does not address the pretrial services report at all, *see* Doc. 42, even though it contains many facts that support the Court's finding that Mr. Chavez is a flight risk. For example, although Mr. Chavez was born in the United States, he mostly was raised in Mexico. *See* Doc. 15 at 1–2. He continues to have strong ties to Mexico: his parents live in Mexico, his two brothers live in Mexico, and he has two adult children who live in Mexico. *See id.* In addition, he has no history of employment. His last employment was for two months in 2018. *Id.* at 2. Before that, he was unemployed because he was in prison. *Id.* Mr. Chavez also has significant substance abuse issues. He has a history of using alcohol, marijuana, cocaine, and methamphetamine. *Id.* at 3. His supervision records show that he was diagnosed with Opioid (Suboxone) Use Disorder in 2018. *Id.*

Mr. Chavez's criminal history further supports the Court's finding that he is a flight risk, and also supports the conclusion by clear and convincing evidence that he is a danger to the community. In 2003, Mr. Chavez was convicted in this Court of possession with intent to

distribute less than 50 kilos of marijuana. *Id.* at 4. He was sentenced to six months in prison, followed by two years of supervised release. *Id.* Once on supervised release, he violated his conditions of release three times. *Id.* at 4–5. In 2010, Mr. Chavez was convicted in U.S. District Court in Texas for importing 100 kilos and more of marijuana and related crimes. *Id.* at 5. He was sentenced to ten years in prison followed by ten years of supervised release. *Id.* He was released from prison in July 2018, and he violated his conditions of release within two months. *Id.* He was sentenced to another eight months in custody, and was released again on May 31, 2019, apparently without a continuing term of supervised release. *See id.* Mr. Chavez has not had any regular employment since his release. *See id.* at 2.

In addition, in August 2021, Mr. Chavez was charged with driving under the influence in Las Vegas, Nevada, a case that remains pending. *Id.* at 6. In September 2021, Mr. Chavez was charged with interference with officers in Rio Rancho, New Mexico, and in October 2021, a failure-to-appear (FTA) warrant was issued in relation to that charge. *Id.* In November 2021, Mr. Chavez was convicted of that offense and served a short jail sentence. On October 3, 2021, the same day he was arrested in connection with the events that led to this case, Mr. Chavez picked up an aggravated battery charge against another inmate. *Id.* An FTA warrant was issued on that case a month later. *Id.* The pretrial services report further noted that Mr. Chavez failed to appear in court three times in 2009, once in 2018, and once in 2019. *Id.* at 7. Mr. Chavez's pattern of failing to appear in court and violating the conditions of his supervision when not in prison continue to convince the Court by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure his appearance as required. His substance abuse history, his serious criminal history, and his possession of a loaded gun despite his felony status also convince the Court by clear and convincing evidence that he is a danger to

the community. The fact that Judge Urias has suppressed the gun in this case does not change the Court's analysis.[3]

## Conclusion

**IT IS THEREFORE ORDERED** that defendant Ramon Chavez's Motion to Reconsider Order of Detention Order and Set Conditions of Release (Doc. 42) is denied.

DATED this 4th day of February 2023

_____
Laura Fashing
United States Magistrate Judge

---

[3] In his reply, Mr. Chavez raised for the first time that his "continued detention violates due process." Doc. 50 at 3. The Court generally does not consider arguments raised for the first time in a reply and considers them waived. *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 767–68 n.7 (10th Cir. 2009); *Carrillo v. Penn Nation Gaming Inc.*, 172 F. Supp. 3d 1204, 1215 (D.N.M. 2016). This is because it would deprive the opposing party of a full and fair opportunity to address the newly raised issue. *See Carrillo*, 172 F. Supp. 3d at 1215. The Court informed Mr. Chavez at the hearing that it would consider this issue but only after giving the United States an opportunity to file a surreply. Mr. Chavez elected to have the Court rule immediately rather than wait for a surreply. Consequently, the Court does not address Mr. Chavez's due process argument.